UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JASON MANN, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>HECKLER & KOCH DEFENSE, INC. )<br>et al., )<br>    Defendant. )<br> ) | Case No. 1:08cv611 (JCC/TCB) |

**DEFENDANTS HECKLER & KOCH DEFENSE, INC.
AND HECKLER & KOCH GMBH'S MOTION TO DISMISS**

Defendants Heckler & Koch Defense, Inc. ("HKD") and Heckler & Koch GmbH ("HKGmbH") (collectively "Defendants") hereby move to dismiss Plaintiff Jason Mann's ("Mann") Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Mann asserts four claims against Defendants in his Amended Complaint. Counts I and II purport to state claims under the anti-retaliation provisions of the False Claims Act ("FCA"). In Count I, Mann claims that Defendants retaliated against him in violation of the FCA because he had complained internally to the corporate management about HKD's alleged violations of law related to a contract bid that HKD submitted to the United States Secret Service. He claims that Defendants retaliated against him by placing him on administrative leave, damaging his reputation among subordinates, colleagues and customers, removing his responsibilities, and refusing to allow him to travel on business. In Count II, Mann claims that after he filed the original complaint in this action alleging claim of retaliation under the FCA, Defendants further retaliated against him in violation of the FCA by fabricating allegations of wrongdoing by him, ostracizing him, undermining his ability to perform his job duties, suspending him, and

1

ultimately terminating his employment. Counts II and III purport to state claims for common law defamation under Virginia law. In Count III, Mann claims that HKD defamed him by: (1) sending an internal e-mail to HKD employees stating that Mann had been placed on administrative leave pending an internal investigation; and (2) by making unspecified statements to other persons and entities that Mann claims falsely imputed to him a criminal offense involving moral turpitude. In Count IV, Mann claims that HKGmbH defamed him when one if its alleged agents allegedly told HKD's former President (Brian Marvin) that Mann had shot and killed a man under questionable circumstances.

Each of these Counts fails to state a claim upon which relief may be granted, for the following reasons:

(1) The two FCA retaliation claims (Counts I and II, against both Defendants) fail to allege that Mann engaged in any statutorily protected activity.

(2) The first FCA retaliation claim (Count I) fails to allege any facts that would establish that Mann's alleged actions put Defendants on reasonable notice that he was taking action in furtherance of a *qui tam* lawsuit.

(3) The first defamation claim (Count III, against HKD only) suffers from two fatal defects. First, the allegations of Mann's own Amended Complaint establish that the statement that Mann had been placed on administrative leave pending an internal investigation was not a false statement[1] and, therefore, cannot form the basis of a defamation claim. Second, the other alleged statements on which Mann's first defamation claim is based are not alleged with the degree of particularity required under Virginia law.

(4) The second defamation claim (Count IV, against HKGmbH only) fails to plead the

---

[1] At a minimum, the Amended Complaint fails to meet Mann's burden of pleading falsity with sufficient factual allegations.

alleged defamatory statements with the degree of particularity required under Virginia law.

For these reasons, as set forth in detail in the attached memorandum of points and authorities in support of this motion, Defendants respectfully request that the Court dismiss Mann's Amended Complaint in its entirety with prejudice.


Dated: August 22, 2008                         Respectfully submitted,

/s/
John Scalia
VSB No. 46444
Matthew Sorensen
VSB No. 65970
Virginia E. Robinson
VSB No. 71411
GREENBERG TRAURIG, LLP
*Attorneys for Defendants Heckler & Koch GmbH*
*and Heckler & Koch Defense, Inc.*
1750 Tysons Blvd., Suite 1200
McLean, VA 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
scaliaj@gtlaw.com
sorensenm@gtlaw.com
robinsonv@gtlaw.com

Mark L. Hogge
VSB No. 23946
GREENBERG TRAURIG, LLP
*Attorney for Defendants Heckler & Koch GmbH*
*and Heckler & Koch Defense, Inc.*
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Tel: (202) 530-8591
Fax: (202) 331-3101
hoggem@gtlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 22 August 2008, I filed a copy of the foregoing Motion to Dismiss of Defendants Heckler & Koch Defense Inc. and Heckler & Koch GmbH on the Court's ECF system and caused a copy of the foregoing motion to be served by first-class U.S. mail on:

> R. Scott Oswald, Esq.
> The Employment Law Group, P.C.
> *Attorney for Plaintiff Jason Mann*
> 888 17th St NW, Suite 900
> Washington, DC 20006
> Tel:  (202) 261-2806
> soswald@employmentlawgroup.net
>
>     -and-
>
> Jason M. Zuckerman
> Law Office of Jason M. Zuckerman PLLC
> *Attorney for Plaintiff Jason Mann*
> 2109 1/2 O St NW
> Washington, DC 20037
> Tel:  (202) 262-8959
> Fax: (202) 403-3222
> Email: jzuckerman@employmentlawgroup.net

> /s/
> Matthew Sorensen
> VSB No. 65970
> GREENBERG TRAURIG, LLP
> *Attorneys for Defendants Heckler & Koch GmbH*
> *and Heckler & Koch Defense, Inc.*
> 1750 Tysons Blvd., Suite 1200
> McLean, VA 22102
> Tel:  (703) 749-1300
> Fax: (703) 749-1301
> sorensenm@gtlaw.com