IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| JASON MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08cv611 (JCC) |
| | ) | |
| HECKLER & KOCH DEFENSE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Heckler & Koch Defense, Inc. (HKD) and Heckler & Koch GmbH's (HKGmbH) (collectively, Defendants') Motion to Strike Plaintiff's Statement of Material Facts in Dispute and Jason Mann's (Plaintiff) Motion for Leave to File Statement of Material Facts in Dispute as Supporting Documentation *Nunc Pro Tunc*.  For the following reasons, the Court will grant Defendants' motion and deny Plaintiff's motion.

### **I. Background**

On April 8, 2009, Defendants filed a Motion for Summary Judgment in this matter.  Pursuant to a schedule set by the Court, Plaintiff's opposition brief was due on April 27, 2009.  Defendants' reply brief is due on Monday, May 4, 2009; the Court

1

will hold a hearing on Defendants' Motion for Summary Judgment on Friday, May 8, 2009.

On April 20, 2009, Plaintiff filed an Emergency Motion for an Extension of Page Limit. He requested an additional ten pages in which to respond to "complex legal and factual issues concerning two distinct claims." Pl.'s Mem. in Supp. of Extension at 2. Plaintiff clearly stated that he requested those additional pages to "enable him to condense a voluminous record evidencing a substantial number of disputed facts," "to present as concisely possible a complex chronology of facts concerning HKD's efforts to defraud the Government," "to present the Court with the surrounding circumstances," and finally, to "clarify 'facts' represented by HKD that are out of context and ignore critical evidence." *Id.* at 2-3.

At a hearing on the motion for an extension of page limit, on April 21, 2009, the Court granted Plaintiff five additional pages for his opposition brief and Defendants five additional pages for their reply brief. [Dkt. 103].

Plaintiff filed his opposition by the deadline, on April 27, 2009. The brief comprised 36 pages; Defendant has not filed an objection to the single page by which the brief exceeds the page limit set by the Court. In addition to his brief in opposition, Plaintiff filed a "Statement of Material Facts in Dispute." This document, consistent with its title, sets forth

all of the material facts that Plaintiff disputes.  It is 51 pages long.

Defendants filed an Emergency Motion to Strike Plaintiff's Statement of Material Facts in Dispute on April 29, 2009.  On the same day, Plaintiff filed a Motion for Leave to File Statement of Material Facts in Dispute as Supporting Documentation *Nunc Pro Tunc*.  These motions are before the Court.

## II. Applicable Local Rules

Local Civil Rule 56 (Summary Judgment) provides that "[a] brief in response to [a summary judgment] motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute." It further states that "the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."

Local Civil Rule 7(F)(3) requires that "[a]ll briefs, including footnotes, shall be written in 12 point Roman style or 10 pitch Courier style with one inch margins.  Except for good cause shown in advance of filing, opening and responsive briefs, exclusive of affidavits and supporting documentation, shall not

exceed thirty 8-1/2 inch x 11 inch pages double-spaced and rebuttal briefs shall not exceed twenty such pages."

### III. Analysis

In its motion to strike, Defendants argue that the Court should strike Plaintiff's Statement of Material Facts because (1) the local rules clearly require those facts to be set forth in the body of the opposition brief, (2) Defendants' motion for summary judgment complied with that rule, (3) Plaintiff already asked for, and received, and extension to the page limit, (4) Plaintiff's additional 51 pages of material are a blatant violation of the rules that results in unfair prejudice to Defendants with regard to the motion for summary judgment.

Plaintiff, in his motion for leave to file, requests that the Court permit him to file his Statement of Material Facts in Dispute as "supporting documentation" for his brief.  Under Local Civil Rule 7(F)(3), "supporting documentation" is not included in the page limitations imposed on briefs.  Plaintiff asserts that his Statement of Material Facts in Dispute is merely "a summary of the exhibits," that is a "summary of the evidence [that] can assist the Court by juxtaposing the facts as alleged by the Defendant and the record evidence."  Pl.'s Mem. in Supp. of Leave at 1.  Plaintiff asserts that "such Statements have been filed" in previous cases in this Court  *Id.* at 2.

4

The cases that Plaintiff cites for this proposition, however, are inapposite.  In one of these cases, *Hazel Todd v. United Way of America*, 1:08cv54 (E.D. Va. Sept. 12, 2008), such a statement was not filed.  In the other, *Charles Alford, II v. Martin & Gass, Inc.*, 1:08cv595 (E.D. Va. April. 8, 2009), the statement of material facts and the argument submitted in opposition did not exceed Local Civil Rule 7's 30-page limit for an opposition brief.

Plaintiff further submits that his filing would not prejudice Defendants because Plaintiff's brief is within the 35-page limit and because Defendants "need not" respond to the supporting documentation.  *Id.* at 2.

The Court finds that Plaintiff's request, made only after Defendants objected to his voluminous filings, is disingenuous.  Plaintiff obtained an extension of the page limit specifically to address the "complex chronology of facts" at issue in this case.  *See* Pl.'s Mem. in Supp. of Extension at 1.  Yet, at present, Plaintiff's brief presents only legal argument and does not "clarify 'facts' represented by HKD."  *See id.* at 2-3.  All statements pertaining solely to the facts at issue in this case are reserved for Plaintiff's aptly titled "Statement of Material Facts in Dispute."

Further, Local Civil Rule 56 specifically requires each party's statement of relevant facts to be contained within that

party's brief.  Plaintiff failed to comply with this rule.  Defendants, however, did comply.  They presented both their statement of undisputed facts and their legal arguments in the 30 pages allotted to them by the local rules.  It would undoubtedly be prejudicial to allow Plaintiff 87 pages in which to accomplish the same theory.  Such an exorbitant extension of the page limits would also conflict with the clear text of Local Civil Rule 7(F).

### IV.  Conclusion

For these reasons, the Court will grant Defendants' motion and deny Plaintiff's motion.  The Court will strike Plaintiff's 51-page Statement of Material Facts and Plaintiff's Memorandum in Opposition, and will require Plaintiff to file one document that complies with the Local Civil Rules by May 4, 2009.

An appropriate Order will issue.


April 30, 2009                        _____/s/_____
Alexandria, Virginia                          James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE